IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESMARK EUROPE, BV, et al., )<br>    Plaintiffs, )<br>)<br>vs )<br>)<br>PETER KAMARAS, )<br>    Defendant. ) | Civil Action No. 15-303 |

ORDER TO SHOW CAUSE

On March 4, 2015, Plaintiffs, Esmark Europe, BV, Bouchard Group, LLC and Bouchard Group Europe, LLC, filed this action against Defendant, Peter Kamaras, alleging claims of breach of contract, breach of fiduciary duty, breach of the duty of loyalty, unfair competition, tortious interference with prospective contractual relations, commercial disparagement and defamation, arising out of Kamaras's alleged actions which resulted in the failure to privatize a company in the Republic of Serbia. Other than a change in Plaintiffs' attorney, the docket contains no further information since the filing of the Complaint, over two years ago.

The Complaint alleges, on information and belief, that Kamaras is a citizen of the Slovak Republic. (Compl. ¶ 5.) Therefore, service upon him would be governed by Federal Rule of Civil Procedure 4(f)(1), that is, "by any internationally agreed upon means that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." The Supreme Court has held that "compliance with the Convention is mandatory in all cases to which it applies." Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 705 (1988).

As another district court recently stated:

"[A]lthough ... Rule 4(m)'s 120-day time limit does not apply to service on a foreign [defendant], that does not mean that the time to effectuate service is unlimited." The Knit With v. Knitting Fever, Inc., No. 085-4221, 2010 WL

    2788203, at *12 (E.D. Pa. July 13, 2010) (quotation omitted). "A court may still dismiss a case for failure to serve a foreign defendant within a reasonable time." Id.

Graphic Styles/Styles Int'l LLC v. Men's Wear Creations, 99 F. Supp. 3d 519, 524-25 (E.D. Pa. 2015). "Instead, courts have determined timeliness and sufficiency of service by employing a 'flexible due diligence' standard, which considers the reasonableness of the plaintiff's effort and the prejudice to the defendant resulting from any delay." U.S. ex rel. Thomas v. Siemens AG, 708 F. Supp. 2d 505, 522 (E.D. Pa. 2010) (citations omitted).

    Several courts of appeals have held that the exemption from the 120-day time limit for service in a foreign country[1] does not apply if the plaintiff makes no effort to serve the foreign defendant abroad. See USHA (India) Ltd. v. Honeywell Int'l, Inc., 421 F.3d 129, 134 (2d Cir. 2005); Nylok Corp. v. Fastener World Inc., 396 F.3d 805, 807 (7th Cir. 2005). The Third Circuit has not specifically addressed this issue. But in any event, the plaintiff must act diligently in effectuating service. See, e.g., Lewis v. Vollmer of America, 2007 WL 1545661, at *2 (W.D. Pa. May 25, 2007) (Conti, J.) (dismissing claims asserted against foreign defendants because "plaintiff's suspension of his efforts to ensure that service was made as soon as possible is probative of plaintiff's failure to act in a diligent manner.")

    Plaintiffs have not indicated that they have served Defendant in compliance with the Hague Convention,[2] or that they attempted to do so during the service period.[3] Nor have they requested more time to effectuate service in that manner or "by other means not prohibited by

---

[1] The period for making service was shortened to 90 days in the 2015 Amendments to Rule 4. However, this case was filed prior to the Amendments and therefore the 120-day period applies.
[2] Both Slovakia and the Czech Republic are signatories to the Hague Convention.
[3] Chambers of the undersigned contacted Plaintiffs' counsel on at least two occasions. During these telephone calls, Plaintiffs' counsel represented that attempts were being made to serve Defendant under the Hague Convention in the Czech Republic but that there is no time limit for such service. As the authority cited in the text demonstrates, this assumption is incorrect.

international agreement, as the court orders." Fed.R.Civ.P. 4(f)(3). Out of an abundance of caution, the Court will provide Plaintiffs with an opportunity to address the situation.

AND NOW, this 30th day of March, 2017,

IT IS HEREBY ORDERED that Plaintiff show cause, on or before April 13, 2017, why this case should not be dismissed for failure to make timely service of process.

s/Robert C. Mitchell_____<br>
ROBERT C. MITCHELL<br>
United States Magistrate Judge